UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| MELINDA FORAN, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:25-cv-02228 |
| | ) |
| v. | ) |
| | ) |
| SIEMENS MANUFACTURING CO. INC., | ) |
| | ) |
| Defendant. | ) Jury Trial Demanded |
| | ) |

## COMPLAINT

Plaintiff, Melinda Foran ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Siemens Manufacturing Co. Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") and Illinois Human Rights Act (775 ILCS 5/) ("IHRA") seeking redress for Defendant's discrimination on the basis of Defendant's disability-based discrimination, disability-based harassment, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit further arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and for Defendant's retaliation for Plaintiff requesting their FMLA rights.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

4. Venue of this action properly lies in the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5. This Court has pendent jurisdiction and supplementary jurisdiction of Counts II, IV, VI, and VIII through 28 U.S.C. §1367.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. have occurred or been complied with.

7. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (Attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and a Notice of Dismissal from the IDHR (attached hereto as "Exhibit C") and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue and the IDHR Notice of Dismissal.

## PARTIES

9. Plaintiff, Melinda Foran, is a natural person, over 18-years-of-age, who at all times

relevant to the allegations in this Complaint resided in St. Clair County, Illinois.

10. Defendant, Siemens Manufacturing Co. Inc., whose address is 410 West Washington Street, Freeburg, IL 62243, is a corporation specializing in electrical engineering and electronics that at all times material to the allegations in this Complaint was doing business in and for St. Clair County, Illinois.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4) and was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA and the FMLA 29 U.S.C. §2611(4), and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

13. Plaintiff was employed by Defendant as a line worker/machine operator in or around May 18, 2022, until she was unlawfully terminated on or around October 25, 2025, on the basis of her disability and request for protected medical leave.

14. Plaintiff has a mental impairment that substantially limits major life activities.

15. Specifically, Plaintiff suffers from depression, a recognized disability under the ADA.

16. Plaintiff's disability can cause symptoms including, but not limited to, fatigue, difficulty concentrating, sleep disturbances, and thoughts of death or suicide.

17. Plaintiff's disability can substantially limit major life activities, such as concentrating, sleeping, caring for oneself, and eating.

18.     Regardless of Plaintiff's disability, she was qualified to perform the essential functions of her job, with or without reasonable accommodation.

19.     Plaintiff is a "qualified individual" as defined under the ADA.

20.     At the time of her need for use of FMLA benefits, Plaintiff worked at least 12 consecutive months for Defendant.

21.     Plaintiff worked at least 1,250 hours in the 12 month preceding her need for use of FMLA benefits.

22.     In or around Summer 2023, Plaintiff was approved for intermittent FMLA leave for depression, after experiencing prior suicide attempts.

23.     Plaintiff was prescribed medication and required to take time off for her doctor's appointments which were usually one to two days per month.

24.     The process was handled by HR Representative, Kelly L., who gave Plaintiff the paperwork for her doctor, and she returned it directly to HR.

25.     To Plaintiff's knowledge, there was no third-party administrator involved in the application or approval process.

26.     In or around August 2025, Plaintiff asked HR about renewing her FMLA, thereby requesting reasonable accommdoations.

27.     Plaintiff spoke with a new HR Representative, Deidra (last name unknown).

28.     Deidra told Plaintiff, "I don't think you need it," and refused to give Plaintiff the paperwork, thereby refusing to engage in the interactive process to determine the appropriate accommodations for Plaintiff.

29.     Defendant's refusal of Plaintiff's FMLA request led Plaintiff to experience severe

anxiety and depression.

30. In or around October 2025, Plaintiff requested time off to go to the eye doctor to get new glasses because hers had broken.

31. Defendant refused to grant Plaintiff this time off.

32. Defendant's refusal to allow Plaintiff time off for a medical appointment further burdened Plaintiff with increased depression and anxiety.

33. Plaintiff later learned from a former co-worker that she overheard another HR Representative, Rhonda, talking with Plant Supervisor Paul.

34. They were saying something to the effect of, "If she doesn't come Monday, we'll just let her go—she'll point out."

35. As a result, Plaintiff experienced heightened emotional distress.

36. On or about October 17, 2025, Plaintiff was involved in a car accident.

37. The car accident led Plaintiff worsened Plaintiff's already severe emotional distress.

38. On or about October 18, 2025, Plaintiff as a result of Defendant's conduct against her and the severe emotional distress she suffered, Plaintiff attempted suicide.

39. Plaintiff was admitted to the hospital for treatment following her suicide attempt, and remained admitted through November 4, 2025.

40. On or about October 19, 2025, Plaintiff's mother contacted Plaintiff's employer to inform them that Plaintiff was in the hospital.

41. On or about October 25, 2025, Defendant terminated Plaintiff.

42. On or about November 6, 2025, Plaintiff called HR about the termination, and

they confirmed that she had been terminated.

43. Ultimately, on or about October 25, 2025, Plaintiff was terminated on the basis of Plaintiff's disability and engaging in protected activity as described above.

44. The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

45. Defendant interfered with Plaintiff's FMLA rights and retaliated against Plaintiff after Plaintiff requested to file for FMLA medical leave in August 2025.

46. Plaintiff can show that she engaged in statutorily protected activity—a necessary component of her retaliation claim—because Plaintiff requested accommodations.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

47. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

48. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

49. Plaintiff met or exceeded performance expectations.

50. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

51. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

52. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

53. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's

disability.

54. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

55. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT II
### Violation of the Illinois Human Rights Act (775 ILCS 5/)
### (Disability Discrimination)

56. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

57. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Illinois Human Rights Act (775 ILCS 5/).

58. Plaintiff met or exceeded performance expectations.

59. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

60. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the Illinois Human Rights Act (775 ILCS 5/).

61. Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's disability.

62. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

63. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Disability-Based Harassment)

64. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

65. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

66. Defendant knew or should have known of the harassment.

67. The disability-based harassment was severe or pervasive.

68. The disability-based harassment was offensive subjectively and objectively.

69. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

70. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

71. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of the Illinois Human Rights Act (775 ILCS 5/)
### (Disability-Based Harassment)

72. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

73. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's disability, in violation of

the Illinois Human Rights Act (775 ILCS 5/).

74. Defendant knew or should have known of the harassment.

75. The disability-based harassment was severe or pervasive.

76. The disability-based harassment was offensive subjectively and objectively.

77. Plaintiff is a member of a protected class under Illinois Human Rights Act (775 ILCS 5/) due to Plaintiff's disability.

78. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

79. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT V**
**Violation of Americans with Disabilities Act**
**(Failure to Accommodate)**

80. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

81. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

82. Plaintiff is a qualified individual with a disability.

83. Defendant was aware of the disability and the need for accommodations.

84. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

85. Plaintiff's reasonable accommodations that were requested was not an undue burden on the Defendant.

86. Defendant did not accommodate Plaintiff's disability.

87. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

88. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

89. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VI
### Violation of the Illinois Human Rights Act (775 ILCS 5/)
### (Failure to Accommodate)

90. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

91. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Illinois Human Rights Act (775 ILCS 5/) ("IHRA").

92. Plaintiff suffers from a disability within the meaning of the IHRA.

93. Plaintiff was qualified for their position with or without reasonable accommodations.

94. Defendant was aware of the disability and the need for accommodations.

95. Plaintiff requested a reasonable accommodation or the need for one was obvious.

96. Plaintiff's reasonable accommodations that were requested were not an undue burden on Defendant.

97. Defendant did not accommodate Plaintiff's disability.

10

98. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

99. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VII
### Violation of Americans with Disabilities Act
### (Retaliation)

100. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

101. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

102. During Plaintiff's employment with Defendant, Plaintiff requested accommodations.

103. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

104. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

105. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

106. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

107. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of

enjoyment of life.

## COUNT VIII
### Violation of the Illinois Human Rights Act (775 ILCS 5/)
### (Retaliation)

108. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

109. Plaintiff is a member of a protected class under (775 ILCS 5/) on the basis of disability.

110. During Plaintiff's employment with Defendant, Plaintiff requested accommodations.

111. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Illinois Human Rights Act (775 ILCS 5/).

112. Plaintiff has suffered adverse employment action in retaliation for engaging in protected activity.

113. By virtue of the foregoing, Defendant retaliated against Plaintiff based on requesting reasonable accommodations, thereby violating the Illinois Human Rights Act (775 ILCS 5/).

114. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of the IHRA.

115. As a direct and proximate result of the above-alleged willful and/or reckless act of Defendant, Plaintiff has suffered of a pecuniary and non-pecuniary nature, humiliation, and degradation, including mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IX
### Violation of the Family and Medical Leave Act
### (FMLA Interference and Unlawful Denial of FMLA Rights)

116. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

117. Plaintiff was eligible for FMLA leave.

118. At all times material, Plaintiff gave proper notice to her employer by informing them of her reason for needing medical leave.

119. Defendant controlled Plaintiff's work schedule and conditions of employment.

120. Plaintiff provided enough information for her employer to know that her potential leave may be covered by the FMLA.

121. Despite Plaintiff's FMLA eligibility, Defendant failed to notify Plaintiff of her eligibility status and rights under the FMLA, failed to notify Plaintiff whether her leave was or could be designated as FMLA leave, and denied Plaintiff's request for use of FMLA benefits.

122. When Defendant failed to notify Plaintiff of her eligibility status and rights under the FMLA, failed to notify Plaintiff whether the requested leave was or could be designated as FMLA leave, and denied Plaintiff's request for use of FMLA benefits, Defendant interfered with Plaintiff's rights under the FMLA.

123. Despite Plaintiff's FMLA eligibility, Defendant unlawfully denied Plaintiff's use of her FMLA rights.

124. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

125. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT X
### Violation of the Family Medical Leave Act
### (FMLA Retaliation)

126. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

127. Defendant terminated Plaintiff after Plaintiff provided notice of a request for medical leave, which constitutes a request for taking FMLA leave.

128. Defendant terminated Plaintiff because she requested FMLA leave as described above.

129. Defendant intentionally engaged in unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for requesting leave for medical reasons.

130. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

131. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a.    Back pay with interest;

    b.    Payment of interest on all back pay recoverable;

    c.    Front pay;

    d.    Loss of benefits;

    e.    Compensatory and punitive damages;

    f.    Reasonable attorneys' fees and costs;

    g.    Award pre-judgment interest if applicable; and

    h.    Award Plaintiff any and all other such relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 26th of December, 2025.

/s/Yasmeen Elagha
Yasmeen Elagha, Esq.
Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
630) 575 - 8180
yelagha@atlaslawcenter.com
mbadwan@atlaslawcenter.com
*Counsel for Plaintiff*